## FORD et v BACHMAN et

Ohio Appeals, 5th Dist, Stark Co

Decided May 10, 1938.

Stewart McHenry, Canton, Sol Adleman, Canton, and N. E. Clark, Canton, for plaintiff.

W. Bernard Rodgers, Canton, for defendants.

## OPINION

By LEMERT, J.

This case comes into this court on questions of law and fact from the Common Pleas Court of Stark county, Ohio, and is based on two claims of appellant, Lanta M. Ford, and Norman E. Clark, guardian of Edward S. Ford.

These claims are: 1: That at the time of the execution of said deed by Edward S. Ford he was insane; 2: That at the time of the execution of said deed Lanta M. Ford was under duress of Edward S. Ford.

Going to the first proposition, of the alleged insanity of Edward S. Ford, we shall briefly review the evidence as shown by the record. Appellants offer some non-medical testimony, most of which was directed to the claim of duress. They also offered medical testimony as to Ford's mental condition some time prior to the execution of the deed. This testimony by the experts was to the effect that Ford suffered from a type of insanity which oscillated between the high and low, or between fits of depression and expressions of grandeur, although we note that the medical experts state that a person may be perfectly sane today and understand the nature of his business and transact his business and then become violently insane tomorrow.

On this question of insanity, the only thing for this court to determine is whether or not, from the record, Edw. S. Ford's mind was so weak that the deed he executed could be declared voidable. In other words, we think the proper test to be, whether or not he understood the nature of the transaction and the effect of what he was doing.

We note the testimony of Clayton Hoffman, attorney at law, who had represented Mr. Ford for several years and was his legal representative at the time the deeds were executed. He testified that Ford knew the nature of the transaction and was perfectly capable of entering into the deal. The testimony reveals that several weeks of negotiations finally brought the consummation of the transaction and that during that entire time Lanta M. Ford never informed any of the parties with whom they were dealing that she believed her husband to be insane. Mrs. Ford in parting with her undivided one-half of the property traded could have avoided the whole transaction by merely informing the parties with whom she was dealing that she believed her husband to be insane. Instead of doing this, she enters into the transaction, aids and assists in the consummation of the deal, signs the note

and mortgage, vacates the property where they had lived for a long time and moved into the Bachman property.

As to the second proposition, to-wit, that at the time of the execution of said deed Lanta M. Ford was under duress of Edward S. Ford by an examination of the record before us it fully convinces us that the finding of the court below in this respect was correct.

Duress to be effective must destroy the free assent and agency necessary to entering into a contractual relation in order to prevent the contract. **Vol. 9, Section 52, Oh. Jur. p. 284; 52 Oh St 534.**

There is not in this record any evidence whatever of the destroying of the free agency of Mrs. Ford. She testifies that her husband had threatened to break up their home, yet the fact remains that she did nothing to prevent the consummation of the deal, but, on the other hand, discussed it with her lawyer and after the trade of properties had been consummated she voluntarily signed a mortgage on the property which she and her husband received in trade. Her claim is that she was reluctant but reluctance does not amount to duress. We find nothing in this record that there was such duress as would invalidate this contract. It is our opinion that this claim of mental incapacity and duress is not borne out by sufficient degree of evidence, but was actuated by Mrs. Ford's wish to rescind the whole transaction because she does not want to live on the farm, and that because shortly after the consummation of this trade her husband was adjudged insane; which unfortunate circumstance we deplore but such fact, under the record in this case, cannot avail to the benefit of Mrs. Ford.

It is unnecessary to quote the law governing this case at great length. Suffice it to say that it requires no greater degree of mental capacity to execute a deed than it does to make a will. The books are full of cases in which insane persons have made wills during lucid intervals. In this case we would have to find that Edward S. Ford did not have a lucid interval, even if he had been violently insane prior to the date the deed was executed. Under the facts in this case we can not so find.

Under the facts and evidence in this case we are of the opinion that it would be a gross miscarriage of justice to disturb this transaction. If a contract such as this may be set aside on the facts herein stated, it would be generally detrimental to business, and any person might void an executed contract by medical expert testimony of insanity and work a hardship on the other party, who took no advantage and had no knowledge of any insanity, actual or claimed.

It therefore follows that there will be a finding for defendants, and the same judgment entered in this court as was entered in the court below.

Exceptions may be noted.

SHERICK, J, and MONTGOMERY, PJ, concur.